UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

MARIBEL BATACAN,

        Plaintiff,

   v.

ALLSCRIPTS HEALTHCARE, LLC, RUTH KEEHMER, and DOES 1 through 25,

        Defendants.

Case No.: SACV 21-00515-CJC(ADSx)

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND *SUA SPONTE* DISMISSING PLAINTIFF'S CLAIM AGAINST DEFENDANT RUTH KEEHMER**

## I. INTRODUCTION & BACKGROUND

On December 21, 2020, Plaintiff Maribel Batacan filed this action in Orange County Superior Court against Defendants Allscripts Healthcare, LLC ("Allscripts"), Ruth Keehmer, and unnamed Does. (Dkt. 3 [Declaration of Noah J. Woods, hereinafter

-1-

"Woods Decl."] Ex. A [Complaint, hereinafter "Compl."].) Plaintiff asserts fourteen state-law causes of action against Allscripts, including disability discrimination, retaliation, wrongful termination, and failure to accommodate in violation of California's Fair Employment Housing Act ("FEHA"). (*Id.* ¶¶ 29–150.) Plaintiff also asserts one cause of action against all defendants, including Ruth Keehmer, for hostile work environment harassment. (*Id.* ¶¶ 108–14.)

Plaintiff was employed by Allscripts as an Expert Service Desk Analyst in Buena Park, providing phone support to users with hardware and software problems. (*Id.* ¶¶ 13–15.) Each support incident created a "ticket" and Plaintiff was required to record a description of the problem and track the resolution's progress. (*Id.* ¶ 15.) Plaintiff alleges that she was required to document tickets outside of her scheduled work hours: before her shift, during her lunch break, and after her shift officially ended. (*Id.* ¶ 16.) She was also allegedly required to perform additional work while on break and was made to complete training uncompensated. (*Id.* ¶ 18.)

In July 2018, Plaintiff suffered a work-related injury to her right hand, wrist, and elbow. (*Id.* ¶ 20.) Plaintiff had to use her paid-time-off ("PTO") for her medical leave. (*Id.*) When Plaintiff returned to work, Allscripts failed to accommodate Plaintiff's work restriction of a five to ten-minute break from typing every hour. (*Id.* ¶ 21.) On September 27, 2018, Plaintiff met with Allscripts' Human Resources Manager to discuss several work-related issues, including feeling singled out, not being allowed to attend a training with other staff, management's failure to communicate with her, and departmental favoritism by her supervisor Ruth Keehmer. (*Id.* ¶ 24.) That same day, Keehmer rejected Plaintiff's time sheet and requested Plaintiff to submit PTO for September 18, 2018 even though Keehmer knew Plaintiff had used all of her PTO for medical leave. (*Id.* ¶ 25.)

On October 30, 2018, Allscripts informed Plaintiff and other staff members that it intended to close the Buena Park office on December 31, 2018. (*Id.* ¶ 26.) Plaintiff inquired about transferring to a North Carolina office, but was told that the position would require a large salary cut and did not include a relocation package. (*Id.* ¶ 27.) Five other service analysts received remote positions with Allscripts, but Plaintiff did not. (*Id.*) As a result, Plaintiff obtained a right to sue letter from the Department of Fair Employment and Housing ("DFEH") on December 26, 2019. (*Id.* ¶ 28.)

On March 19, 2021, Allscripts filed a notice of removal, asserting diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. 1 [Notice of Removal, hereinafter "Notice"].) Allscripts' notice of removal concedes that the parties are not completely diverse because both Plaintiff and Keehmer are California citizens. (*Id.* at 7–10.) Nevertheless, Allscripts argues that Keehmer's citizenship should be ignored for purposes of assessing diversity jurisdiction because Keehmer was fraudulently joined. (*Id.*) Now before the Court is Plaintiff's motion to remand. (Dkt. 14 [hereinafter "Mot."].) For the following reasons, Plaintiff's motion is **DENIED**.[1]

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotations omitted). A civil action filed in state court may be removed to a federal district court when that federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441. Federal courts have diversity jurisdiction over cases where the amount in controversy exceeds $75,000 and the citizenship of each plaintiff is different

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for June 7, 2021, at 1:30 p.m. is hereby vacated and off calendar.

from that of each defendant. 28 U.S.C. § 1332. The burden of establishing subject matter jurisdiction falls on the defendant, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Indeed, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* If at any time before final judgment, the court determines that it lacks subject matter jurisdiction, the action shall be remanded to state court. 28 U.S.C. § 1447(c).

Although diversity jurisdiction requires complete diversity of citizenship, there is an exception to that requirement "where a non-diverse defendant has been fraudulently joined." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). "Joinder is fraudulent 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Id.* (quoting *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)). "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quotations omitted). Defendants can establish fraudulent joinder only by showing that the defendant who purportedly destroys complete diversity "cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) ("[I]f there is any possibility that the state law might impose liability on a resident defendant . . . , the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary.")

### III. DISCUSSION

Plaintiff asserts one cause of action against Keehmer for hostile work environment harassment in violation of FEHA. Allscripts argues that Keehmer is fraudulently joined

because Plaintiff failed to exhaust her administrative remedies against Keehmer before filing the instant Complaint.[2] (Notice at 8–9.) The Court agrees.

"Under the FEHA, the employee must exhaust the administrative remedy provided by the statute by filing a complaint with the [DFEH] and must obtain from the Department a notice of right to sue in order to be entitled to file a civil action in court based on violations of the FEHA." *Romano v. Rockwell Int'l, Inc.*, 14 Cal. 4th 479, 492 (1996); *see also* Cal. Gov't Code §§ 12960–12965. Exhaustion of administrative remedies is "a jurisdictional prerequisite to resort to the court." *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 70 (2000). A plaintiff is barred from suing individual defendants she fails to name in the DFEH charge. *Cole v. Antelope Valley Union High School Dist.*, 47 Cal. App. 4th 1505, 1511 (1996) (citing Cal. Gov't Code § 12960(c) which requires a plaintiff to "state the name and address of the person . . . alleged to have committed the unlawful practice complained of").

Here, Keehmer is fraudulently joined because Plaintiff failed to name Keehmer in her DFEH complaint. Plaintiff's DFEH complaint names only Allscripts, but no individual defendant. (Woods Decl. Ex. F [DFEH Records].) "[T]his defeats her ability to show that she exhausted her administrative remedies with respect to [Keehmer]." *See Washington v. Lowe's HIW Inc.*, 75 F. Supp. 3d 1240, 1249 (N.D. Cal. 2014).

Plaintiff argues that, on April 19, 2021, she amended her right to sue letter to include Keehmer and added Kheemer to the body of the administrative complaint. (Dkt. 17 [Reply] at 4.) As an initial matter, the Court could disregard this argument because Plaintiff raises it for the first time in her reply. *See Advanced Media Networks LLC v. Row 44 Inc.*, 2014 WL 5760545, at * 1 (C.D. Cal. Nov. 4, 2014). Nevertheless,

---

[2] The parties do not dispute that the amount in controversy requirement is met.

generally, "an amended complaint that adds a new defendant does *not* relate back to the date of filing the original complaint" and Plaintiff provides the Court no reason to make an exception. *Woo v. Superior Court*, 75 Cal. App. 4th 169, 176 (1999); *see also True Health Chiropractic Inc. v. McKesson Corp.*, 332 F.R.D. 589, 605 (N.D. Cal. 2019). It would not serve the purpose of the exhaustion doctrine to allow Plaintiff to satisfy her exhaustion requirement by adding Keehmer to her DFEH complaint after the administrative case has been closed and this civil action had been filed. *See Foroudi v. Aerospace Corp.*, 57 Cal. App. 5th 992, 1003 (2020). Accordingly, Allscripts has shown that Keehmer "cannot be liable on any theory." S*ee Ritchey*, 139 F.3d at 1318. Because the Court cannot consider Keehmer's citizenship, it concludes that diversity jurisdiction exists.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff's motion to remand is **DENIED**. Because Plaintiff's claim against Keehmer is barred due to her failure to exhaust her administrative remedies, the Court *sua sponte* **DISMISSES** Plaintiff's claim against Keehmer.

DATED: May 25, 2021

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE